Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DOMINGO MORENO RUIZ,** | Case No.: |
| Plaintiff, | **CLASS ACTION** |
| vs. | |
| **TRANSWORLD SYSTEMS INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff, Domingo Moreno Ruiz ("Plaintiff"), by and through counsel, files this Complaint against Transworld Systems Inc. ("Defendant"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because, Defendant is incorporated in California transact business here.

### DEMAND FOR JURY TRIAL

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

1
Complaint

**PARTIES**

4. Plaintiff is a natural person, and a citizen of the State of Minnesota.

5. Defendant is a California company and a "person" as defined by FCRA, 15 USC §1681a(b).

**GENERAL ALLEGATIONS**

6. This action involves derogatory and inaccurate double reporting of an alleged debt by Defendant ("Account") to Equifax and Experian (the "Credit Reporting Agencies").

7. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

8. Section 1681s-2(b) imposes a second category of duties on furnishers of information.

9. This obligation is triggered upon "notice of dispute"-- that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *See* § 1681i(a)(2) (requiring CRA's promptly to provide such notification containing all relevant information about the consumer's dispute). Subsection 1681s-2(b) provides that, after receiving a notice of dispute, the furnisher shall:

    (A) conduct an investigation with respect to the disputed information;

    (B) review all relevant information provided by the [CRA] pursuant to section

        1681i(a)(2)...;

    (C) report the results of the investigation to the [CRA];

2
Complaint

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information...; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph(1)...(i)modify... (ii)delete [or] (iii)permanently block the reporting of that item of information [to the CRAs].

10. Any furnisher who negligently fails to comply with any of its investigation duties is liable to the consumer for actual damages, the costs of litigation, and attorney fees. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages up to $1000, for punitive damages, as well as for costs and attorney fees.

**Background**

11. Plaintiff discovered two collections accounts reporting a past due balance of approximately $3,000 for the same underlying debt. Plaintiff concluded that he had been a victim of double reporting,

12. The double reported collection accounts are associated with Defendant.

13. Plaintiff disputed both the double reported Account with Equifax and Experian multiple times.

14. In response to the first dispute, Equifax and Experian verified the double reported Account as accurate.

15. Shortly thereafter, Plaintiff was denied a mortgage loan due to the inaccurate and derogatory double reporting of the Account.

# COUNT 1

## **WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**

16. Plaintiff incorporates the allegations regarding the Account and Defendant in ¶¶ 1-15 of this Complaint.

17. In or about December 2024, Plaintiff submitted disputes of the inaccurate reported to Equifax and Experian by Defendant.

18. In response to the disputes, Equifax and Experian promptly and properly gave notice to Defendant of the disputes in accordance with the FCRA.

19. Defendant is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

20. On a date better known by Defendant, Equifax and Experian promptly and properly gave notice to Defendant of Plaintiff's disputes in accordance with the FCRA.

21. In response to the notices received from Equifax and Experian regarding Plaintiff's disputes, Defendant did not and otherwise failed to conduct a reasonable investigation into the Account which is the subject of the disputes.

22. In response to receiving notice from Equifax and Experian regarding Plaintiff's disputes, Defendant failed to correct and/or delete information it knew to be inaccurate and/or which Equifax and Experian could not otherwise verify.

23. Instead of conducting a reasonable investigation, Defendant erroneously validated the Account and continued to report inaccurate information to Equifax and Experian.

24. On at least one occasion within the past year, by example only and without limitation, Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

25. On at least one occasion within the past year, by example only and without limitation, Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Equifax and Experian.

26. On at least one occasion within the past year, by example only and without limitation, Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Equifax and Experian about the inaccurate information.

27. Upon information and belief, Defendant was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

28. Defendant's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's disputes.

29. As a direct and proximate result of Defendant's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of the extension of new credit; (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

30. Defendant's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

31. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: [1] actual damages pursuant to 15

U.S.C. § 1681n(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(2); [3] punitive damages as the court may allow; and [4] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

32. Plaintiff incorporates the allegations regarding the Account and Defendant in ¶¶ 1-15 of this Complaint.

33. On one or more occasions within the past year, by example only and without limitation, Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Equifax and Experian.

34. On one or more occasions within the past year, by example only and without limitation, Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to correct the inaccurate information.

35. When Defendant received notice of Plaintiff's disputes from Equifax and Experian, Defendant could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

36. Defendant would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant had reviewed its own systems and previous communications with Plaintiff.

37. Defendant's investigation was per se deficient by reason of these failures in Defendant's investigation of Plaintiff's disputes.

38. As a direct and proximate result of Defendant's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of the extension of new credit (iii) loss of time attempting to cure

the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

39. Defendant's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

40. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: August 6, 2025

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**GERALD D. LANE, JR., ESQ.**
California Bar No.: 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*